GEORGE S. CARDONA
United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS
Cal. State Bar No.: 144524
Assistant United States Attorney
Chief, Public Integrity and Environmental Crimes
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-4536
      Facsimile: (213) 534-4300
      E-mail: joseph.johns@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 07-364-RC |
| | ) | |
| Plaintiff, | ) | RULE 11(c)(1)(C) SPECIFIED |
| | ) | SENTENCE PLEA AGREEMENT FOR |
| v. | ) | DEFENDANT PYROTEK SPECIAL |
| | ) | EFFECTS, INC. |
| PYROTEK SPECIAL EFFECTS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

        1.   This constitutes the plea agreement Pyrotek Special

Effects, Inc. ("defendant") and the United States Attorney's

Office for the Central District of California ("the USAO") in the

above-captioned case.  This agreement is limited to the USAO and

cannot bind any other federal, state or local prosecuting,

administrative or regulatory authorities.

        2.   The parties expressly agree that this Agreement is

entered into and is to be controlled by Federal Rule of Criminal

Procedure 11(c)(1)(C).  The USAO and defendant understand and

1   agree that: (a) if the Court accepts this Agreement, the parties

2   are bound by the terms of the Agreement; and (b) if the Court

3   does not accept this Agreement; any party may withdraw from the

4   Agreement and defendant may withdraw its plea of guilty.   The

5   parties request that the Court accept this Agreement at the time

6   of the entry of the guilty plea.

7   PLEA TO INFORMATION

8      3.   Defendant agrees to plead guilty to the single-count

9   misdemeanor information in <u>United States v. Pyrotek Special</u>

10   <u>Effects, Inc.</u>, CR No. 07-364-RC.

11   CORPORATE AUTHORIZATION

12      4.   Defendant represents that it is authorized to enter

13   into this Agreement.   On or before the date of entry of the Plea

14   Agreement, defendant shall provide to the United States and the

15   Court a written statement in the form of notarized legal

16   documents certifying that defendant corporation is authorized to

17   enter into and comply with all of the provisions of this Plea

18   Agreement.   The resolutions further shall certify that a

19   corporate representative is authorized to take these actions, and

20   that all corporate formalities for such authorizations have been

21   observed (see Attachment B).

22   ORGANIZATIONAL CHANGES AND APPLICABILITY

23      5.   This Agreement shall bind defendant, its successor

24   corporation if any, and any other person or entity that assumes

25   the liabilities contained herein ("successors-in-interest").

26   Defendant, or its successors-in-interest, if applicable, shall

27   provide the USAO and the United States Probation Office for the

28   Central District of California with immediate notice of any name

2

change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this Agreement.  No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this Agreement.  Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

NATURE OF THE OFFENSE

6.    The parties stipulate and agree that under well-established principles of corporate liability and <u>respondeat superior</u>, as these principles apply in this case, defendant is liable for the actions of its agents and employees.  <u>New York Central and Hudson River R.R. v. United States</u>, 212 U.S. 481, 495 (1909); <u>United States v. Beusch</u>, 596 F.2d 871 (9th Cir. 1979); <u>United States v. Hilton Hotels Corporation</u>, 467 F.2d 1004-1007 (9th Cir. 1972).

7.    In order for defendant to be guilty of Improper Storage of Explosive Materials, in violation of Title 18, United States Code, Sections 842(j) and 844(b), the following must be true: defendant, by and through the actions of its agents and employees did (1) knowingly store explosive materials; (2) within a motor vehicle; (3) in an improper manner.  Specifically, defendant did knowingly store technical pyrotechnic devices that were not marked with an EX (explosives) number for each substance, article, or device contained therein and did not have markings identifying the materials as "Articles, technical for pyrotechnic

3

purposes, UN0431" in violation of federal regulations.  Defendant admits that defendant is, in fact, guilty of this offense as described in the information.

### PENALTIES

8.   The statutory maximum sentence that the Court can impose against a corporate defendant for a violation of Title 18, United States Code, Sections 842(j) and 844(b), is a five-year period of probation; a fine of $200,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.

### SUSPENSION/REVOCATION/DEBARMENT

9.   Defendant understands that if defendant holds any regulatory licenses or permits, the convictions in this case may result in the suspension or revocation of those licenses and permits.  By this Agreement, the USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof.  Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.

### FACTUAL BASIS

10.   Defendant and the USAO agree and stipulate to the statement of facts provided below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On June 20, 2006, in Culver City, California, Pyrotek

4

1  Special Effects, Inc., by and through the actions of its
2  authorized agents and employees, did knowingly store explosives
3  materials, namely, technical pyrotechnic devices, within a motor
4  vehicle in an improper manner.  Specifically, the packages for
5  said technical pyrotechnic devices were not marked with an EX-
6  number ("explosives number") for each substance, article, or
7  device contained therein and did not have markings identifying
8  the materials as "Articles, technical for pyrotechnic purposes,
9  UN0431," in violation of regulations promulgated pursuant to the
10 HMTS, Title 49, United States Code, Section 5101 et seq. and 49
11 Code of Federal Regulations, Sections 172.101, 172.301, and
12 172.320.

## WAIVER OF CONSTITUTIONAL RIGHTS

13
14     11.   By pleading guilty, defendant gives up the following
15 rights:

16          a) The right to persist in a plea of not guilty.

17          b) The right to a speedy and public trial by jury.

18          c) The right to the assistance of legal counsel at
19 trial, including the right to have the Court appoint counsel for
20 defendant for the purpose of representation at trial.  (In this
21 regard, defendant understands that, despite its plea of guilty,
22 it retains the right to be represented by counsel -- and, if
23 necessary, to have the court appoint counsel if defendant cannot
24 afford counsel -- at every other stage of the proceeding.)

25          d) The right to be presumed innocent and to have the
26 burden of proof placed on the government to prove defendant
27 guilty beyond a reasonable doubt.

28          e) The right to confront and cross-examine witnesses

5

1 │ against defendant.

2 │          f) The right, if defendant wished, to testify on
3 │ defendant's own behalf and present evidence in opposition to the
4 │ charges, including the right to call witnesses and to subpoena
5 │ those witnesses to testify.

6 │          g) The right not to be compelled to testify, and, if
7 │ defendant chose not to testify or present evidence, to have that
8 │ choice not be used against defendant.

9 │                        SENTENCING FACTORS

10 │      12.   Defendant and the USAO agree and stipulate that,
11 │ pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§
12 │ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in
13 │ determining the fine for an organization violating statutes
14 │ relating to the environment.

15 │                       SENTENCING AGREEMENT

16 │      13.   Pursuant to Federal Rule of Criminal Procedure
17 │ 11(c)(1)(C), the USAO and defendant agree that an aggregate
18 │ criminal fine (including community service) of $150,000 (one
19 │ hundred fifty thousand dollars) is appropriate in this case.
20 │ Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant shall be
21 │ sentenced to a term of organization probation for two years,
22 │ based upon the following factors set forth in 18 U.S.C. §
23 │ 3553(a): the nature and circumstances of the offense and the
24 │ history and characteristics of the defendant; and the need for
25 │ the sentence imposed to reflect the seriousness of the offense,
26 │ to promote respect for the law, to provide just punishment for
27 │ the offense, and to afford adequate deterrence to criminal
28 │ conduct.   Defendant and the USAO further agree and stipulate that

1  defendant shall be placed on probation for two years under the
2  following terms and conditions:

3       a.   Defendant shall pay a total criminal fine of
4  $150,000 with $75,000 of that fine suspended for use in community
5  service and restitution for the response costs of local fire and
6  police agencies as set forth below in paragraphs 12(f) and 15.

7       b.   Specifically, defendant shall pay a criminal fine
8  of $75,000 as to the single-count Information.  The first $25,000
9  installment of the criminal fine shall be made by a cashier's
10  check (or equivalent) payable to the Clerk of the United States
11  District Court, within seven (7) days of the date of sentencing.
12  The second $25,000 installment of the criminal fine shall be made
13  by a cashier's check (or equivalent) payable to the Clerk of the
14  United States District Court, within one year of the date of
15  sentencing.  The third $25,000 installment of the criminal fine
16  shall be made by a cashier's check (or equivalent) payable to the
17  Clerk of the United States District Court, within two years of
18  the date of sentencing.

19       c.   Defendant agrees to abide by and follow any lawful
20  orders issued by any local, state, or federal regulatory agency
21  having jurisdiction over the facility.

22       d.   Defendant agrees that it will not transport any
23  explosive or hazardous materials itself, but will instead
24  contract such activities to properly licensed and authorized
25  third parties.

26       e.   Defendant agrees to pay to the Clerk of the United
27  States District Court on the date of sentencing (or as soon as
28  the Court is able to accept the payment) the mandatory special

7

assessment of $125 pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).

f.   Defendant agrees to pay restitution in the total amount of $3,534.04 to City of Culver City for costs incurred in responding to, and investigating, this matter. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant further agrees to make restitution listed above within one week of the sentencing hearing in this matter.

14.   Pursuant to FRCP 32(c)(1)(A)(ii), the parties request that the Court waive the preparation of a pre-sentence report in this matter. The parties further request that the Court sentence defendant at the time the guilty plea to the Information is entered.

15.   In the event that the Court defers acceptance or rejection of this specified sentence plea until it has reviewed the presentence report in this case, pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A), both defendant and the USAO are free to: (a) supplement the facts stipulated to in this Agreement by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

COMMUNITY SERVICE

16.   The parties agree that $75,000 of the total criminal fine amount of $150,000 be suspended for the explicit purpose of defendant applying the suspended amount to performing community service pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of the sentencing principles provided for

under 18 U.S.C. § 3553(a) and paying the restitution described in paragraph 12(f) above.  The explicit goal of defendant's required community service is to fund environmental projects, enforcement efforts, and initiatives designed for the enforcement of environmental and public safety regulations, and the benefit, preservation, and restoration of the environment and ecosystems in the Central District of California.  These projects and initiatives are to include, but are not limited to, the following: monitoring, study, restoration, and preservation of fish, wildlife, and plant resources; monitoring, study, clean up, remediation, sampling, and analysis of pollution and other threats to the environment and ecosystem; research, study, training, planning, repair, maintenance, education, and public outreach relating to the environment and ecosystem; and enforcement of environmental, public safety, and wildlife protection laws.  Accordingly, defendant agrees that on the date of sentencing, defendant shall pay a total of $71,465.96 to the agencies listed below:

a.   $36,465.96 to the California Hazardous Materials Association to be used in designing and providing training to local, state, and federal environmental and public safety investigators and regulators on criminal and civil enforcement actions, including, but not limited to, investigating and prosecuting responses to hazardous waste, hazardous material, air pollution, water pollution, and work place safety violations.

b.   $35,000 to the Culver City Police Department to support commercial vehicle and hazardous materials enforcement efforts, including, but not limited to: the procurement of

9

equipment; enforcement personnel training; and funding of operational expenses.

17.   Defendant agrees that because the payments to the foundation listed above are community service by an organization, defendant will not seek any reduction in its tax obligations as a result of such community service payment.  Defendant further agrees that because these payments shall be made pursuant to this Agreement, defendant will not characterize, publicize, or refer to the payment as anything other than a community service payment.

DEFENDANT'S OBLIGATIONS

18.  Defendant agrees:

a.   To plead guilty as set forth in this Agreement.

b.   To abide by all sentencing stipulations contained in this Agreement.

c.   To appear as ordered for all court appearances and obey any other ongoing court order in this matter.

d.   Not to commit any crime.

e.   To be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f.   To pay the applicable special assessment at or before the time of sentencing.

THE USAO'S OBLIGATIONS

19.  If defendant complies fully with all defendant's obligations under this Agreement, the USAO agrees to abide by all sentencing stipulations contained in this Agreement.  In addition, in exchange for defendant's full compliance with its obligations under this Agreement, the USAO agrees not to

10

prosecute defendant for any additional offenses arising out of
the traffic stop and investigation conducted by the Culver City
Police Department and Fire Department, along with other local and
federal agencies, on the date of June 20, 2006, giving rise to
this investigation, except as reserved in paragraphs 20 and 21
below.

BREACH OF AGREEMENT

20.   If defendant, at any time between the execution of this
Agreement and defendant's sentencing knowingly violates or fails
to perform any of defendant's obligations under this Agreement
("a breach"), the USAO may declare this Agreement breached.  If
the USAO declares this Agreement breached, and the Court finds
such a breach to have occurred by a preponderance of the evidence
as to which the USAO shall have both the burden of production and
persuasion, defendant will not be able to withdraw defendant's
guilty plea, and the USAO will be relieved of all of its
obligations under this Agreement.

21.   Following a knowing and willful breach of this
Agreement by defendant, should the USAO elect to pursue any
charge that was not filed as a result of this Agreement, then:

a.   Defendant agrees that the applicable statute of
limitations is tolled between the date of defendant's signing of
this Agreement and the USAO's discovery of any knowing and
willful breach by defendant.

b.   Defendant gives up all defenses based on the
statute of limitations during the tolling period as set forth in
subparagraph (a), any claim of pre-indictment delay, or any
speedy trial claim with respect to any such prosecution, except

11

1  to the extent that such defenses existed as of the date of

2  defendant's signing of this Agreement.

### SCOPE OF AGREEMENT

4      22.   This Agreement applies only to crimes committed by

5  defendant, has no effect on any proceedings against defendant not

6  expressly mentioned herein, and shall not preclude any past,

7  present, or future forfeiture actions or other civil actions.

8      23.   This Agreement does not prevent the USAO from

9  prosecuting any individual or other organization for any offense,

10 including the offenses charged in the Information.

### COURT NOT A PARTY

12     24.   The Court is not a party to this Agreement.   The USAO

13 and defendant understand and agree that: (a) if the Court accepts

14 this Agreement, the parties are bound by the terms of the

15 Agreement; and (b) if the Court does not accept this Agreement;

16 any party may withdraw from the Agreement and defendant may

17 withdraw its plea of guilty.

### NO ADDITIONAL AGREEMENTS

19     25.   Except as set forth herein, there are no promises,

20 understandings or agreements between the USAO and defendant or

21 defendant's counsel.   Nor may any additional agreement,

22 understanding or condition be entered into unless in a writing

23 signed by all parties or on the record in court.

24 //

25 //

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26.   The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if as if the entire Agreement had been read into the record of the proceeding.

This Agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEOREGE S. CARDONA
United States Attorney

_____          __9/4/07___
JOSEPH O. JOHNS                      Date
Assistant United States Attorney
Chief, Public Integrity and Environmental Crimes Section

As an authorized representative of defendant Pyrotek Special Effects, Inc. ("defendant"), I have read this Agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms.  Defendant's attorney has advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement.  No promises or inducements have been made to me or defendant other than those contained in this Agreement.  No

//

//

one has threatened or forced me or defendant in any way to enter
into this Agreement.  Finally, I am satisfied with the
representation provided by defendant's attorney in this matter.

_____          Sept 4/07
Authorized Representative                 Date
of Pyrotek Special Effects, Inc.
Defendant

     I am defendant's attorney.  I have carefully discussed every
part of this Agreement with the authorized representatives of
defendant.  Further, I have fully advised the authorized
representative of defendant's rights, of possible defenses, of
the Sentencing Guidelines' provisions, and of the consequences of
entering into this Agreement.  To my knowledge, the decision of
defendant and its authorized representatives to enter into this
Agreement is an informed and voluntary one.

_____          9/4/07
DUANE R. LYONS                            Date
Counsel for Defendant
Pyrotek Special Effects, Inc.

14